[No. 7602.   Decided April 13, 1909.]

B. J. CARNEY *et al.*, *Respondents*, v. HERMAN VOGEL,
*Appellant.*[1]

APPEAL—REVIEW—HARMLESS ERROR.   Error in the admission of
evidence is harmless in actions at law tried without a jury.

SALES—BREACH—FAILURE TO DELIVER—MEASURE OF DAMAGES—
EVIDENCE—ADMISSIBILITY.   In an action for damages for the breach
of a contract to deliver telegraph poles, evidence that plaintiff could
have procured the poles from other dealers is immaterial, as it does
not affect the measure of damages, which is the difference between
their contract price and their market value.

Cross-appeals from a judgment of the superior court for
Spokane county, Huneke, J., entered January 3, 1908, upon
findings awarding the plaintiffs damages for breach of con-
tract, after a trial before the court without a jury.   Affirmed.

*Allen & Allen* and *Dalbert E. Twitchell*, for appellant.

*H. M. Stephens*, for respondents.

FULLERTON, J.—In February and March, 1906, the plain-
tiffs and the defendant entered into three several written con-
tracts by the terms of which the defendant agreed to furnish
and deliver to the plaintiffs, on board cars, at Clarks Fork,
Idaho, ninety-five hundred telegraph, telephone, and electric
light poles, of certain described dimensions, at prices ranging
from $1 to $2.75 per pole.   The contracts were in the form
of letters written by the defendant to the plaintiffs, offering
to furnish poles delivered at the place named, of certain di-
mensions at certain prices, cut from fire-killed stock, and the
written acceptance of the plaintiffs indorsed thereon.   By
fire-killed stock, it is explained, was meant timber standing
in the forest which had been killed by forest fires.   None of
the poles were ever delivered, and this action was brought to
recover damages for the breach of the contracts.

[1]Reported in 100 Pac. 1027.

In their complaint the plaintiffs set out the several contracts, a performance on their part of the terms of the same, in so far as it was capable of being performed by them, and a breach on the part of the defendant. They further averred that the poles were each worth, at the place of delivery, two dollars more than the price at which the defendant agreed to furnish them, and demanded judgment for the sum of $19,-000. The defendant answered, admitting the execution of the contracts and the fact that he had failed to deliver any of the poles contracted for, but alleged that the failure to deliver was the fault of the plaintiffs, in that they had, at divers times prior to July 24, 1906, refused to receive and pay for poles tendered under the contract; and finally, on the date given, absolutely refused to accept or receive any of the poles contracted to be delivered, and since that time have never demanded the delivery of any of the poles. The affirmative allegations of the answer were put in issue by reply. The case was tried by the court without a jury, and resulted in a finding and judgment in favor of the plaintiffs for the sum of $2,578. Both parties have appealed.

The defendant assigns error on the rulings of the court in admitting and excluding evidence. Whether erroneous evidence has been admitted is not very material, since this court will disregard it and review the facts upon the evidence legitimately within the record. The defendant does not contend that a different result from that arrived at by the trial court must follow if the evidence objected to is excluded, and we shall not therefore notice the specific objections. It is sufficient to say that we have examined the objections, and in so far as we find them well taken, the final conclusion cannot be affected by the evidence not properly admitted.

The claim that admissible evidence was rejected is of more importance, since if the defendant has been denied the right to prove a material matter, opportunity must be given him to do so. The offer of proof was to the effect that the plaintiffs could have procured, at the times the contracts were

entered into, any quantity of poles of the kind described in the contracts, cut from fire-killed stock, in the vicinity of Clarks Fork, from other dealers. But this was not a material inquiry. The measure of damages in the case at bar was the difference between the contract price of the poles and their market value at the time and place of delivery, and the fact that the plaintiffs might have procured poles from other dealers, would have no tendency to elucidate this question, and it is not contended that it was material on any other theory.

The principal contention made by the defendant on the facts is that the contracts were repudiated by the plaintiffs by refusing to accept the character of poles called for in the contract. On May 17, 1906, the plaintiffs wrote to the defendant telling him not to ship any fire-killed poles on their orders until their Mr. Carney should see him, saying further that their experience with fire-killed poles that spring had been disappointing, owing to the fact that the poles developed weather cracks from end to end. Shortly thereafter Mr. Carney called upon the defendant and the main dispute in the evidence is over what occurred at that time. It is the defendant's contention that the plaintiffs insisted upon obtaining green cut poles in place of the fire-killed stock, but the plaintiffs' evidence tends to show that they wanted only the character of poles contracted for. No poles of any kind, cut either from green stock or fire-killed stock, were shipped, or tendered to be shipped, by the defendant under the contract after that time, although frequent requests and directions for shipment were sent him by the plaintiffs. And, without pursuing the evidence in detail, we think it preponderates in favor of the finding of the trial court to the effect that there was a breach of the contract on the part of the defendant.

The plaintiffs appeal on the question of the amount of damages, contending the amount awarded was grossly inadequate. The court found that there was a difference in the

market value of the poles at the time they were demanded and the contract price of thirty cents per pole, and calculated the damages on this basis, allowing an offset of $250 due from the plaintiffs to the defendant on another contract. We think the evidence sustains the trial judge on this branch of the case also, and shall not disturb the finding.

The judgment is affirmed.

CHADWICK, MOUNT, CROW, DUNBAR, GOSE, PARKER, and MORRIS, JJ., concur.